```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA         :     07 CR. 1081 (PAC)

         - v -                   :

DEAN JONES,                      :

                  Defendant.     :

---------------------------------X
```

**DEFENDANT DEAN JONES' MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

 

                                           LEONARD F. JOY, ESQ.
                                           Federal Defenders of New York
                                           Attorney for Defendant
                                           **DEAN JONES**
                                           52 Duane Street - 10th Floor
                                           New York, New York  10007
                                           Tel.:  (212) 417-8762

                                           **DAVID E. PATTON**
                                           Staff Attorney

TO:  Michael J. Garcia, Esq.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn.:  **MICHAEL MAIMAN, ESQ.**
              Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA         :        07 CR. 1081 (PAC)

        - v -                    :

DEAN JONES,                      :

                Defendant.       :

---------------------------------X
```

**DEFENDANT DEAN JONES' MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

The defendant, Dean Jones, hereby moves under the Federal Rules of Criminal Procedure 12(b)(3) and 41(f) to suppress evidence obtained as the result of an illegal stop, search and seizure by the New York Police Department ("NYPD") on August 8, 2007. In particular, Mr. Jones moves to suppress a gun that was found in the back seat area of a livery cab in which he was a passenger. Attached hereto as Exhibit A is a declaration from Mr. Jones supporting the factual background.

## Factual Background

On the night of August 8, 2007, NYPD officers driving a marked police car in the Bronx, New York pulled over a livery cab driver for the purported reason that it did not contain a partition between the driver and the passenger. (Complaint, ¶ 2(c)). The officers claim that after initiating the stop, Mr. Jones, who was a passenger in the backseat of the cab, "began

looking back at the marked police vehicle, moving about, and leaning down in his seat." (Id.). Mr. Jones disputes that assertion, stating that he did not engage in any of that conduct. (Jones Dec., ¶ 4).

The officers further claim that while they were approaching the cab, Mr. Jones exited it "asking questions in a loud voice, and shortly thereafter fled." (Id. at ¶ 5). That claim is also contested by Mr. Jones who asserts that after stopping the cab, the officers approached it, and during the course of the stop, ordered Mr. Jones to step out of the car. (Id.). Mr. Jones also states that after he was ordered out of the cab, the police searched the back seat area without consent. (Id. ¶ 6).

According to the Complaint, upon searching the backseat area of the cab, the police recovered a revolver "sticking out from underneath the passenger seat." (Complaint, ¶ 2(e)). Mr. Jones states that no gun was in plain view in the cab. (Jones Dec., ¶ 6).

Mr. Jones was arrested for unlawful possession of the gun that was recovered from the cab, and is now charged with violating 18 U.S.C. § 922(g)(1).

## Argument

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A car stop, even if brief, constitutes a "seizure" within the

2

meaning of the Fourth Amendment.  <u>Whren v. United States</u>, 517 U.S. 806, 809-10 (1996).

The United States Supreme Court has not conclusively determined whether reasonable suspicion is sufficient to warrant a traffic stop under the Fourth Amendment; if anything, the Court has suggested that probable cause might in fact be required for such a stop to be "reasonable." <u>See</u> <u>Whren</u>, 517 U.S. at 810 ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe a traffic violation has occurred"). The Second Circuit has assumed, without discussion, that reasonable suspicion may be sufficient.  <u>See</u> <u>United States v. Scopo</u>, 19 F.3d 777, 781 (2d Cir. 1994) (noting that either probable cause or reasonable suspicion may be sufficient).

Even if probable cause or reasonable suspicion exists, the investigative detention must be brief, and "last no longer than is necessary to effectuate the purpose of the stop." <u>Florida v. Royer</u>, 460 U.S. 491, 500 (1983).  Lastly, where a car is lawfully stopped, any subsequent search of the car, without a warrant and without consent, must be supported by probable cause.  <u>See</u> <u>United States v. Ross</u>, 456 U.S. 798 (1982).

A livery cab passenger has a Fourth Amendment right to be free from unreasonable seizures.  <u>See</u> <u>Townes v. City of New York</u>, 176 F.3d 138, 144 (2d Cir. 1999); <u>see also</u> <u>United States v. Woodrum</u>, 202 F.3d 1, 5 (1st Cir. 2000) (explaining that

3

"[a]lthough courts occasionally use the term 'standing' as a shorthand for this status, the real implication is that the individual's Fourth Amendment interests were affected by official actions."). A passenger also has a privacy interest in the backseat area of a cab, giving rise to a Fourth Amendment protection against an unreasonable search of that area. See United States v. Santiago, 950 F.Supp. 590, 597 (S.D.N.Y. 1996).

Here, neither the initial stop of the cab nor its subsequent search were lawful, and Mr. Jones' Fourth Amendment rights were violated.

   A.  The Stop

Under New York law, a livery cab must have either a partition between the driver and passenger or an in-vehicle safety camera. See N.Y. Comp. Codes R. & Regs., tit. 35, § 6-13(a) (2003); see also United States v. Gaines, 457 F.3d 238, 241 (2d Cir. 2006). Only the absence of both constitutes a traffic violation.

According to the Complaint here, the police claim to have stopped the livery cab because it did not contain a partition between the driver and the passenger. The Complaint fails to mention, however, that the cab did contain a security camera in a highly visible location -- near the rear view mirror. (Jones Dec., ¶ 3). As the Second Circuit held in Gaines, "[b]ecause such a camera is an approved safety device that may be employed in lieu of a partition, its undisputed presence in the cab

4

vitiate[s] the government's asserted basis for the stop." Id. at 243-44.

Because the livery cab was in fact in compliance with New York traffic regulations, and the compliance was obvious to the police, the stop here was not justified.

B.  The Search and Seizure

Because the stop was unlawful, the subsequent search and seizure of Mr. Jones are also tainted as fruits of the illegal stop.  Even if the initial stop was lawful, however, the subsequent search and seizure of Mr. Jones violated the Fourth Amendment.

Mr. Jones states that after the cab was pulled over, the police ordered him out of the cab whereupon they searched the interior, backseat area.  (Jones Dec. ¶ 6).  He did not give them consent to do so, nor was there a gun in plain view of the officers.  (Id.).

The police claim to have searched the cab only after Mr. Jones fled and after they saw a gun in plain view on the floor of the backseat.  (Complaint, ¶ 2(e).)

A hearing is necessary to resolve this factual dispute. At such a hearing, the defense anticipates that the Court will credit Mr. Jones' version of events and conclude that the search violated the Fourth Amendment to the United States Constitution, and that the evidence retrieved from the car must be suppressed.

5

C. <u>Statements</u>

Because Mr. Jones was arrested based on an unconstitutional search and seizure, any subsequent statements made by him while in custody must also be suppressed as the fruits of the illegal arrest. <u>Brown v. Illinois</u>, 422 U.S. 590 (1975).

## Conclusion

**Wherefore**, it is respectfully requested that this Court hold an evidentiary hearing (currently scheduled for February 19, 2008) and enter an order suppressing the physical evidence recovered by police officers on August 8, 2007.

Dated: New York, New York
       February 1, 2008

                                              LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**DEAN JONES**
52 Duane Street - 10th Floor
New York, New York  10007
Tel.:  (212) 417-8762

_____
DAVID E. PATTON
Staff Attorney

TO: **MICHAEL J. GARCIA, ESQ.**
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    Attn.:    **MICHAEL MAIMAN, ESQ.**
              Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA         :        07 CR. 1081 (PAC)

        - v -                    :

DEAN JONES,                      :

                Defendant.       :

---------------------------------X
```

**DECLARATION OF DEAN JONES IN SUPPORT OF HIS MOTION TO SUPPRESS**

     I, Dean Jones, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the defendant in the above-captioned case.
2. On the evening of August 8, 2007, in the Bronx, New York, I was a passenger in the back seat of a livery cab that was pulled over by New York Police Department ("NYPD") officers.
3. The livery cab contained a security camera that was placed near the rear view mirror.
4. I have read the Complaint in this case alleging, among other things, that prior to the police turning on the marked police car's strobe lights and stopping the cab, "I began looking back at the marked police vehicle, moving about, and leaning down in [my] seat." That statement is not true. I did not look back at the police car, move about or lean down in my seat.
5. The Complaint further states that after the police stopped the cab and while they were approaching the cab, I exited

      the cab "asking questions in a loud voice, and shortly thereafter fled." That statement is false. I did not exit the cab prior to the police approaching it. I only exited the cab when the police ordered me to get out of it after they had approached the cab.

6. After I exited the cab, the police searched the back seat area of the cab. Neither the cab driver nor I gave the police permission to search the back seat area before it was searched. I had an expectation of privacy in the back seat area of the cab where I was sitting, and there was no gun in plain view in the back seat area of the cab.

7. It is my understanding from reviewing the Complaint in this case that the police recovered a revolver on the floor of the back seat of the cab.

8. Based upon discussions with my attorney, it is my understanding that the police officers had no basis under the law to search the back seat area of the cab where they found the revolver.

      I declare under penalty of perjury that the foregoing is true and accurate.

Dated: New York, New York
       January 28, 2008

                                        _____
                                        Dean Jones