April 7, 2008


Honorable Paul A. Crotty
US District Judge
US District Court
500 Pearl Street
New York, NY 10007


Re:     **United States of America v. Dean Jones**
              **07 Cr 1081 (PAC)**


Dear Judge Crotty:

     The defendant respectfully submits this letter to request reconsideration of the Court's decision of March 26, 2008 to deny the defendant's suppression motion, without a hearing. During the Court proceeding on March 26, 2008, we referred to the original motion of the defendant which cited Townes v. City of New York, 176 F 3d 138 (2nd Cir 1999), however this case was not discussed in Court and the defendant respectfully request reconsideration.

The Statement of Relevant Facts

     The facts relevant to the instant motion for reconsideration are set forth in the previous motion and defendant's affidavit, dated January 28, 2008. These facts are also incorporated into the relevant legal arguments

     The underlying facts in Townes v. City of New York are similar to the case before the Court, in that they both involve taxi cab passengers.

In <u>Townes</u>, the defendant and two other companions were in a taxicab. After Townes' companions left the cab, Mr. Townes noticed plain clothes police officers watching him and removed handguns from his person and hid them in the cab. The officers eventually stopped the taxicab. The taxicab did not violate any traffic law and the police lacked probable cause to make the arrest. <u>Id</u> at 142. Eventually the officers frisked all three passengers and searched the cab and found the two handguns that Townes had hidden. Townes was arrested.

In this case, Mr. Jones was a passenger in a taxicab, that had <u>not</u> violated any traffic laws. There was a security camera in the cab. (Jones Dec. §3)

The Court in its decision of March 26, 2008 indicated that Mr. Jones lacked standing to asset his claim of an unreasonable search and seizure of the taxicab because he was a passenger.

In <u>Townes v. City of New York</u>, the Court found that a livery cab passenger has a Fourth Amendment right to be free from unreasonable seizures <u>Id</u> at 144. Thus the passenger has standing to challenge the stop of the cab. In this case, Mr. Jones was a passenger in a taxicab and thus has standing to challenge the constitutionality of the search and seizure in this case.

Further, in <u>United States v. Woodrum</u> 202 F3d 1, 3 (1st Cir. 2000) the Court held that a police stop of a moving vehicle constitutes a seizure of the vehicle's driver and passenger and permits either to challenge the propriety of a traffic stop under the Fourth Amendment. The Court uses the term "standing" as shorthand for status and the right to challenge the traffic stop. Thus Mr. Jones has standing to challenge the seizure in this case because of his status as a passenger.

Further as the non-owner passenger of the vehicle, he has standing to challenge the initial stop of the automobile in which he is riding. See <u>US v. Santiago</u>, 950 F. Supp 590, 593 (SDNY 1996). A passenger also has a privacy interest in the back seat area of a cab, giving rise to a Fourth Amendment protection against an unreasonable search of that area. <u>Id</u>. at 597. Here, neither the initial stop of the cab nor its subsequent search were lawful, and Mr. Jones Fourth Amendment rights were violated.

    A.    **The Stop**

Under New York State law, a livery cab must have either a partition between the driver and passenger or an in-vehicle safety camera. See N.Y. comp. codes R. & Regs., title 35, § 6-13(a) (2003); <u>See also United States v. Gaines</u>, 457 F. 3d 238, 241 (2d Cir 2006). Only the absence of both constitutes a traffic violation.

According to the complaint here, the police claim to have stopped the livery cab because it did not contain a partition between the driver and the passenger. The complaints fail to mention, however, that the cab did contain a security camera in a

highly visible location—near the rear view mirror. (Jones Dec. § 3). As the Second Circuit held in Gaines, "because such a camera is an approved safety device that may be employed in lieu of a partition, its undisputed presence in the cab vitiate(s) the Government's asserted basis for the stop." Id. at 243-244  Since the livery cab was in compliance with New York traffic regulations, and the compliance was obvious to the police, the stop here was not justified.

    B.    **The Search and Seizure**

Since the stop was unlawful, the subsequent search and seizure and statements of Mr. Jones in this case was tainted as the fruits of the illegal stop. Even if the initial stop was lawful, the subsequent search and seizure violated the Fourth Amendment. The taxicab did not signal for help, and the police officers lacked probable cause to make the stop since the cab had a security camera in a highly visible location near the rear view mirror. Lastly, the taxicab driver was never issued a ticket for not having a partition because the police realized that the cab did have an in-vehicle safety camera, which made the driver in compliance with the traffic code and rules (N.Y. Codes R. & Regs., title 35, § 6-13(a)(2003).

Based on the illegal stop of the livery cab in which Mr. Jones was a passenger, it is an unconstitutional search and seizure because there was no probable cause or reasonable suspicious that Mr. Jones was committing any crime or acting in anyway suspicious. Looking back at a unmarked police vehicle, moving about, and leaning down in his seat, as the officers stated, does not amount to probable cause. In fact, the cab driver never felt threatened, since he did not signal for help.

A hearing is necessary to resolve the factual dispute in this case.

**Conclusion**

Wherefore, it is respectfully requested that this Court reconsider the denial of the defendant's suppression motion.

    Julie A. Clark, Esq.