```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
- - - - - - - - - - - - -
                                :
UNITED STATES OF AMERICA        :
        - v. -                  :      07 Cr. 1081 (PAC)
                                :
DEAN JONES,                     :
                                :
            Defendant.          :
                                :
                                :
                                :
                                :
                                :
                                :
- - - - - - - - - - - - - - - - x
```

## The Defendant's Proposed Jury Charge Request

**JULIE A. CLARK, ESQ.**
Attorney for Defendant
32 Court Street, Ste. 707
Brooklyn, NY 11201
(718) 625-6888

The Defendant respectfully requests that the Court include the following in it jury charge:

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions (along with a Verdict Sheet to be filled out) to take with you into the jury room. Your decision (verdict) must be unanimous.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a

verdict upon any other view of the law than the one I give you.

## Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case.  You, the members of the jury, are the sole and exclusive determiners of the facts.  You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own independent recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is anything I may have said during the trial or may say during these instructions about a fact or issue  to be taken instead of your own independent recollection.  What I say is not evidence.  In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence.  But you may not consider any answer as to which I sustained an objection or that I directed you to disregard or that I directed be struck from the record.

If there is any difference or contradiction between what any lawyer has said in their arguments to you and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine --that controls.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if you nevertheless believe I did convey an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of the witnesses.

## **Indictment is Not Evidence**

I remind you that the Indictment in this case is not evidence. It merely describes the charges made against the Defendant. It is a set of accusations. It may not be considered by you as evidence of the guilt of the Defendant. Only the evidence or lack of evidence decides that issue.

The Indictment states:

    1.    That on or about August 8, 2007 in the Southern District of New York and elsewhere, Dean Jones, the Defendant after having been previously convicted of a felony did unlawfully, willfully and knowingly possess in and affecting commerce, a firearm, a loaded .357 caliber smith & wesson handgun which previously had been shipped and transported in interstate commerce in violation of title 18 USC § 922 (G)(1).

## EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1) the sworn testimony of witnesses, on both direct and cross-examination; and

2) the documents and exhibits that were received in evidence; and

3) any stipulations.

Nothing else is evidence.

## Rulings on Evidence and Objections

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate. You should not be swayed for or against either side simply because counsel for any party has chosen to make an objection. Nor should you be swayed by any ruling I made on an objection.

Whether or not I may have sustained more objections for one side or the other has no bearing on your function, to consider all of the evidence that was admitted.

Further, do not concern yourself with what was said at side bar conferences or during my discussions with counsel.  Nor does it make any difference whether any lawyer or I asked for a sidebar conference.  Those discussions related to rulings of law and not to matters of fact.

At times I may have admonished a lawyer or witness, or directed a witness to be responsive to questions or to keep his or her voice up.  At times I may have questioned a witness myself or made comments to a lawyer.  Any questions that I asked, or instructions or comments that I gave, were intended only to move things along or to clarify the presentation of evidence and to bring out something which I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  This is entirely your role.

## **Presumption of Innocence**

The Defendant has pleaded not guilty to the charge in the Indictment.  As a result of his plea of not guilty, the burden is on the prosecution (i.e., the Government) to prove the Defendant's guilt beyond a reasonable doubt.  This burden never shifts to the Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying himself or calling any witness or of locating or producing any evidence.

The law presumes the Defendant to be innocent of the charge against him.  I, therefore, instruct you that the Defendant is to be presumed by you to be innocent when the trial began and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit the Defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence

in this case. If the Government fails to sustain its burden as to the Defendant, you must find him not guilty.

## Reasonable Doubt

I have said that the Government must prove the Defendant guilty beyond a reasonable doubt. The question naturally is what is reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a manner of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt. The law does not require the Government to prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to the Defendant, which means that it is always the Government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you

have a reasonable doubt, it is your duty to acquit the Defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the Defendant's guilt beyond a reasonable doubt, you should vote to convict.

### **Credibility of Witnesses**

You have had the opportunity to observe (all of) the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole determiners of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.
You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the witness' demeanor while testifying?  Often it is not what people say but how they say it that moves us.
In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.
In addition, the fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.
If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and

disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- i.e., something seen, felt, touched, heard or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence as follows:
Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable for you to conclude that it had been raining.
That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.
Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

```
     Felon In possession of a Firearm under 18 U.S.C. § 922

(g).

In order to find the defendant guilty of this offense, you

must find that the Government proves each of the following

three elements beyond a reasonable doubt.

     First:    That Dean Jones has been convicted of a

felony, that is, a crime punishable by imprisonment for a
```

term exceeding one year;

Second: That after this conviction, Dean Jones knowingly possessed the firearm described in the indictment; and

Third: That Dean Jones' possession was in or affecting interstate or foreign commerce.

(A) <u>Evidence of prior conviction of Defendant</u>

You heard evidence through stipulation that the defendant was convicted before this incident of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether Dean Jones was in knowing possession of the firearm he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this case and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have

mentioned.  You may find the defendant guilty of this crime only if the Government has proved beyond a reasonable doubt all of the elements of this crime.

**Definition of Commerce**

A firearm has traveled in interstate commerce if it has traveled between one state and any other state or across a state line.

**Definition of Possession**

Possession of a object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction or control over it, either directly or through others.

### Expert Testimony

You have heard testimony from what we call an expert witness.  An expert witness is a witness who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinion as to relevant matters in which he or she professes to be expert and give his or her reasons for his or her opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinion which was received in

evidence in this case and give it as much or as little weight as you think it deserves. If you should decide that the opinion of the expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of the expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you may disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of the expert is based on sufficient data, education or experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.

### **Summary Charts**

The Government has presented one or more exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based. Therefore, you are to give no greater consideration to these charts and summaries than you would give to the evidence on which they are based. And, the captions, if any, in the charts are not evidence.

It is for you to decide whether the charts and summaries correctly present and reflect the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and

summaries as an aid if you find that they are of assistance to you in analyzing and understanding the evidence.

### Particular Investigative Techniques

There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the Defendant has been proven beyond a reasonable doubt.

### Stipulation of Facts

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed facts as true.

### Defendant's Right Not to Testify

The Defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Defendant did

not testify. No adverse inference against the Defendant may be drawn by you because the Defendant did not take the witness stand. You may not consider this against the Defendant in any way in your deliberations in the jury room.

### Uncalled Witnesses

There are people whose names you heard during the course of the trial but did not appear to testify. Each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should also remember my instruction that the law does not impose on the Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### Statement(s) of Defendant

There has been evidence that the Defendant made statements to law enforcement authorities after his arrest.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.

### Right To See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits other than the drug evidence will

be given to you at the start of deliberations.  If you want any of the testimony read back, or recordings played, or if you wish to view the drug evidence, you may also request that.  Please remember that if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson, and given to one of the Marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

### Duty to Consult and Need for Unanimity

The Government, to prevail, must prove the essential elements of any crime charged beyond a reasonable doubt, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, your verdict should be not guilty.

**A verdict must be unanimous**.  Your verdict must represent the considered judgment of each juror; whether your verdict is guilty or not guilty, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the Defendant is guilty, solely upon the basis of such evidence. Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation –

to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and entirely on the evidence – if you can do so without surrendering your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears incorrect.

If, after carefully considering the evidence and the arguments of your fellow jurors, you hold a conscientious view that differs from the others, you are not required to change your position simply because you are outnumbered.

You final vote must reflect your conscientious belief as to how the issues should be decided.

### **Selection of Foreperson**

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

### **Return of Verdict**

I will give you a verdict sheet/form to be filled in by the jury. The purpose of the question(s) on the form is to help us -- the Court and counsel -- to understand what your findings are. I will hand this form to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

**Before the jury attempts to answer any question, you should read both questions and make sure that everybody understands each question.** Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form that I am giving you. **Remember, all answers must be unanimous.**

## Conclusion

I have nearly finished with these charges and my instructions to you and I thank you again for your patience and attentiveness.

Now, I say this not because I think it is necessary but because it is the tradition of this Court. I remind the jurors to be polite and respectful to each other as I am sure you will be in the course of your deliberations so that each juror may have his or her position made clear to all the others. I also remind you once again that your oath is to decide without fear or favor and to decide the issues based solely on the evidence and my instructions on the law.

Thank you.