```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,          :
                                            07 Cr. 1081 (PAC)
           - v. -                  :

DEAN JONES,                        :

           Defendant.              :

- - - - - - - - - - - - - - - - - -X
```

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America

MICHAEL D. MAIMIN
MICHAEL LEVY
Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,              :
                                             07 Cr. 1081 (PAC)
          - v. -                       :

DEAN JONES,                            :

          Defendant.                   :

- - - - - - - - - - - - - - - - - -X


                GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

          Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its instructions to the Jury.

TABLE OF CONTENTS

PAGE

1.  General Requests. . . . . . . . . . . . . . . . . . . 1

2.  Summary Of The Indictment . . . . . . . . . . . . . . 2

3.  Count One: Possession Of A Firearm By A Convicted Felon -
    Purpose of the Statute . . . . . . . . . . . . . . . . 3

4.  Count One: Possession Of A Firearm By A Convicted Felon -
    Elements Of The Offense . . . . . . . . . . . . . . . 5

5.  Count One: Possession Of A Firearm By A Convicted Felon -
    First Element - Defendant's Prior Conviction . . . . . . 6

6.  Count One: Possession Of A Firearm By A Convicted Felon -
    Second Element - "Knowingly Possessed" . . . . . . . . 8

7.  Count One: Possession Of A Firearm By A Convicted Felon -
    Third Element - "In Or Affecting Interstate Or Foreign
    Commerce" . . . . . . . . . . . . . . . . . . . . . . 10

8.  Venue . . . . . . . . . . . . . . . . . . . . . . . . 12

9.  Particular Investigative Techniques Not Required . . . . . 13

10. Law Enforcement And Government Employee Witnesses . . . . 14

11. Use Of Evidence Obtained At Time Of Arrest . . . . . . . 15

12. Defendant's Testimony . . . . . . . . . . . . . . . . 16

13. Defendant's Right Not To Testify . . . . . . . . . . . 17

14. Expert Testimony . . . . . . . . . . . . . . . . . . 18

15. Stipulations . . . . . . . . . . . . . . . . . . . . 20

16. Preparation Of Witnesses . . . . . . . . . . . . . . . 21

17. Variance In Dates . . . . . . . . . . . . . . . . . . 22

18. The Government As A Party . . . . . . . . . . . . . . 23

19. Uncalled Witness - Equally Available To Both Sides . . . . 24

20. Sympathy: Oath As Jurors . . . . . . . . . . . . . . . 26

21.  Punishment Not To Be Considered By The Jury . . . . . . . 27

22.  Conclusion . . . . . . . . . . . . . . . . . . . . . . 28

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Definitions and Examples of Direct and Circumstantial Evidence

h.   Credibility of Witnesses

i.   Interest in Outcome

j.   Inferences

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Punishment Is Not to Be Considered by the Jury

n.   Verdict of Guilt or Innocence Must be Unanimous

1

## REQUEST NO. 2

### Summary Of The Indictment

The defendant, DEAN JONES, is charged in a one-count Indictment. Count One of the Indictment charges that on or about August 8, 2007, DEAN JONES, after having been convicted in a court of a felony, knowingly possessed a firearm that previously had been shipped and transported in interstate commerce. As I instructed you earlier, the Indictment is a charge or accusation. It is not evidence.

2

## REQUEST NO. 3

## Count One: Possession Of A Firearm By A Convicted Felon – Purpose Of The Statute

Count One of the Indictment charges the defendant, DEAN JONES, with a violation of the federal firearms statutes. A word about the law in general. Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and the restriction of the distribution of firearms would be helpful to state and local authorities in addressing this problem.

Accordingly, it passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms and/or ammunition which were shipped in interstate or foreign commerce.

The Government contends that DEAN JONES was within the class of people prohibited from possessing any firearm shipped in interstate or foreign commerce because he previously had been convicted of a felony, that is, a crime punishable by more than a year in jail.

3

In your role as jurors, you are not to be concerned with the wisdom or the policy of these laws. Your verdict may not be based on your personal approval or disapproval of these laws or of Congress's views or intent.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-46, and the charge of Hon. Edward Weinfeld in <u>United States</u> v. <u>Squires</u>, 69 Cr. 911 (S.D.N.Y. 1969).

## REQUEST NO. 4

## Count One: Possession Of A Firearm By A Convicted Felon - Elements Of The Offense

In order to sustain its burden of proof on Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant, DEAN JONES, previously was convicted of a crime punishable by imprisonment for a term exceeding one year, or in other words, a felony;

Second, that on or about August 8, 2007, DEAN JONES knowingly possessed a firearm; and

Third, that the defendant's possession of the firearm was in or affecting interstate or foreign commerce.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-47, and the charge of Hon. Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

5

**REQUEST NO. 5**

## Count One: Possession of A Firearm By A Convicted Felon - First Element -- Defendant's Prior Conviction

The first element the Government must prove beyond a reasonable doubt is that the defendant, DEAN JONES, had been convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., a felony, in a court of the United States or any State prior to the date he is charged with possessing the firearm.

[*If Applicable*: In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant was convicted in a New York State court of a felony punishable by imprisonment for a term exceeding one year. It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the firearm as charged in the Indictment.]

To satisfy the first element, you need only find beyond a reasonable doubt that DEAN JONES was, in fact, convicted of the crime and that the conviction was prior to the possession of the firearm as charged in the Indictment. The Government need not prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year, nor is it

6

necessary for the defendant to have been sentenced to imprisonment for more than one year.  A plea of guilty has the same consequences as a conviction after trial.

I instruct you that the prior conviction that is an element of the offense is only to be considered by you for the fact that it exists and nothing else.  You are not to consider it for any other purpose.  You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the firearm as charged in the Indictment.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-48, and the charge of Hon. Kevin T. Duffy in <u>United States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

<u>**REQUEST NO. 6**</u>

**Count One: Possession Of A Firearm By A Convicted Felon --
<u>Second Element -- "Knowingly Possessed"</u>**

The second element that the Government must prove

beyond a reasonable doubt is that on or about August 8,

2007, DEAN JONES knowingly possessed a firearm.

**"Firearm" Defined**

A firearm is any device that will, or is designed

to, or may be readily converted to, expel a projectile by

the action of an explosive, or the frame or receiver of any

such weapon.  Common sense will tell you that a gun meets

the statutory definition of a firearm.

It does not matter whether the gun was operable at

the time the defendant possessed it.

<u>See</u> 18 U.S.C. § 921(a)(3)(A).

**"Possession" Defined**

What is meant by possession?  The word "possess"

means to have something within your control.  It does not

necessarily mean that you must physically have the object in

your hand or on your person.  As long as that object is

knowingly within a person's actual control, he or she

possesses it.

**"Knowingly" Defined**

You must also find that the defendant <u>knowingly</u>

8

possessed the firearm.  This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the firearm was a "firearm," as we commonly use that term. However, the Government is not required to prove that the defendant knew he was breaking the law.  It is sufficient if the defendant knowingly possessed the firearm voluntarily, not by accident or mistake.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 35-49, and the charge of Hon. Kevin T. Duffy in <u>United</u> <u>States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United</u> <u>States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

9

### REQUEST NO. 7

### Count One: Possession Of A Firearm By A Convicted Felon – Third Element -- "In Or Affecting Interstate or Foreign Commerce"

The third element that the Government must prove beyond a reasonable doubt is that the firearm that DEAN JONES is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time prior to the defendant's possession, the firearm had traveled in interstate or foreign commerce.  In this regard, it is sufficient for the Government to satisfy this element by proving that at some time prior to August 8, 2007, the firearm moved over a state line or the United States border.  For example, if the firearm came from Connecticut to New York, or from Nevada to New York, then it was transported or shipped in interstate commerce.  If the firearm came from Brazil to New York, it was transported or shipped in foreign commerce.

The Government need <u>not</u> prove that the defendant himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that the defendant knew that the firearm had previously crossed a state or

10

national border.  All the Government needs to prove is that the gun did so at some point before the defendant possessed it.

[*__If Applicable__*: In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that DEAN JONES is charged with possessing was in or affecting interstate or foreign commerce.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-50.  <u>See United States</u> v. <u>Sanders</u>, 35 F.3d 61, 62 (2d Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 994 (1994).

11

## REQUEST NO. 8

### Venue

In addition to all of the elements I have described for you, you must also decide whether the crime charged, or any act committed to further or promote the crime, occurred within the Southern District of New York. In this connection, I instruct you that the Bronx is part of the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). See also United States v. Gonzalez, 922 F.2d 1044, 1054–55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

12

## REQUEST NO. 9

## Particular Investigative Techniques Not Required
## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

13

## REQUEST NO. 10

## Law Enforcement And Government Employee Witnesses
## [If Applicable]

You have heard the testimony of law enforcement officials and of employees of the Government. The fact that a witness may be employed by the Federal Government, or New York City, as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-16.

14

## REQUEST NO. 11

### Use Of Evidence Obtained At Time Of Arrest

You have heard testimony that the police apprehended the defendant, and that the police seized evidence at that time. The evidence allegedly obtained at this time was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Hon. Pierre N. Leval in
United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y.
1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United
States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

15

### REQUEST NO. 12

### Defendant's Testimony
### [Requested Only If Defendant Testifies]

The defendant has taken the witness stand. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-4. See United States v. Gaines, 2006 U.S. App. LEXIS 18289, at *27 (2d Cir. July 20, 2006) (citing the Sand charge approvingly).

16

## REQUEST NO. 13

### Defendant's Right Not To Testify
### [If Requested By Defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-21.

17

## REQUEST NO. 14

### Expert Testimony
### [If Applicable]

During the course of the trial, you have heard testimony from an expert witness. Expert witnesses are witnesses who by education or experience have acquired learning or experience in a specialized area of knowledge. Although a witness is generally permitted to testify only to facts and not to express his or her opinions, the law permits the opinions of qualified experts as to relevant matters in which they profess to have specialized knowledge and give their reasons for their testimony or opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, her opinions, her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense.

The determination of the facts in this case rests solely with you.

(Sand <u>Modern Federal Jury Instructions</u>, Instr. 7-21).

## REQUEST NO. 15

### Stipulations
### [If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instrs. 5-6, 5-7.

20

## REQUEST NO. 16

### Preparation Of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

21

## **REQUEST NO. 17**

### **Variance In Dates**

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and the testimony indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony. The same goes for most of the other factual contentions in the Indictment.

> Adapted from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).

22

## REQUEST NO. 18

### The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

Sand, Modern Federal Jury Instructions,
Instr. 2-5.

23

**REQUEST NO. 19**

**Uncalled Witness -- Equally Available to Both Sides**
**[If Applicable]**

Both the Government and the defendant, DEAN JONES, have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr.. 361 (KC) (S.D.N.Y. 1991) and from L. Sand, Modern Federal Jury Instructions, Instr. 6-7. See generally United States v. Ebb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.' No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845 F.2d 1165, 1169 (2d Cir.

24

1988) (citations omitted) (emphasis in original); <u>see</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to discretion of trial judge; generally discussing applicable standards).

## REQUEST NO. 20

### Sympathy:  Oath as Jurors

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

> Adapted from 1 Sand Modern Federal Jury Instructions, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in United States v. Davis, aff'd, 353 F.2d 614 (2d Cir. 1965), cert. denied, 384 U.S. 953 (1966).

26

## REQUEST NO. 21

### Punishment Not to be Considered by the Jury

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations. The duty of imposing sentence is mine and mine alone. Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

> Adapted from the charges of the Honorable
> Vincent L. Broderick in United States v.
> Drucker (S.D.N.Y.), Tr. 3151; the Honorable
> Edward Weinfeld in United States v. Bruswitz,
> aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert.
> denied, 349 U.S. 913 (1955); and the
> Honorable Harold L. Tyler in United States v.
> Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-
> 80, aff'd, 527 F.2d 311 (2d Cir.), cert.
> denied, 425 U.S. 934 (1975).

27

**REQUEST NO. 22**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the sole charge of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the

28

truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

>Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). <u>See also United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:    New York, New York
          April 10, 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                         of America

By: _____
                         MICHAEL D. MAIMIN
                         MICHAEL LEVY
                         Assistant United States Attorneys

## AFFIRMATION OF SERVICE

MICHAEL D. MAIMIN, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on April 10, 2008, I caused one copy of the within Government's Requests to Charge to be delivered by Federal Express and e-mail to:

> Julie A. Clark, Esq.
> 32 Court Street
> Sutie 707
> Brooklyn, New York 11201

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          April 10, 2008

_____
MICHAEL D. MAIMIN

31