UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                    :
                                                                              07 Cr. 1081 (PAC)
                             v.                              :
                                                                              ORDER
DEAN JONES,                                                :

                              Defendant.            :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Dean Jones moves to suppress a firearm found in the back seat of a livery cab after New York City police officers stopped the cab in which he was riding for failure to have a partition between the driver and the rear passenger area.  Jones claims violations of his Fourth Amendment rights as a result of the stop, the search of the livery cab, and the seizure of the gun.

After oral argument on March 26, 2008, the Court found that Jones did not have a reasonable expectation of privacy in the rear passenger area of the livery cab and therefore lacked standing to challenge the search and seizure under U.S. v. Buckner, 417 F. Supp. 2d 240, 242 (S.D.N.Y. 2005), U.S. v. Paulino, 850 F.2d 93, 96-97 (2d Cir. 1988), and the Supreme Court's decision in Brendlin v. California, --- U.S. ---, 127 S.Ct. 2400, 2410 n.6 (2007).  Accordingly, the Court denied the motion to suppress.  (See Transcript of Oral Argument, March 26, 2008, at 6-9, 15-17.)

On April 7, 2008, Jones moved for reconsideration arguing that he had standing to challenge the traffic stop itself.  He relied on Townes v. City of New York, 176 F.3d 138 (2d Cir. 1999), which was cited in the original motion to suppress, but not discussed at oral argument on March 26.  Jones argues, and the Government concedes, that if the initial stop of the taxi was unlawful, the gun "would be a fruit of an illegal stop and should, accordingly, be suppressed."

(Transcript of Oral Argument, April 11, 2008, at 4.)  After hearing oral argument on the renewed

motion to suppress on April 11, 2008, the Court denies the motion for reconsideration.

**DISCUSSION**

**1.  New York City Requirements for a Livery Cab**

It is generally reasonable for the police to stop a car "where the police have probable

cause to believe that a traffic violation has occurred."  <u>Whren v. U.S.</u>, 517 U.S. 806, 810 (1996);

<u>see also</u> <u>U.S. v. Harrell</u>, 268 F.3d 141, 148 (2d Cir. 2001).  Under New York City regulations

regarding "for-hire vehicles," a livery cab must have a partition between the driver and

passenger.  There are two exceptions:  one for so-called "black cars" or luxury limousines, which

is not applicable here, and the other for vehicles equipped with certain specific safety devices

including: a two-way radio with an emergency button (or a cellular phone with an emergency

dialing feature), a distress signaling light system (including two "lollipop" lights, one on the

front grill or bumper of the vehicle, the other on the rear bumper), and an in-vehicle camera

system.  35 N.Y.C. Rules & Regulations ("N.Y.C.R.") § 6-13.  With regard to the in-vehicle

camera system, each livery cab outfitted with such a system must "display decals on each rear

passenger window, visible to the outside, that contain the following information, in letters at

least one-half inch high:  'This vehicle is equipped with camera security.  YOU WILL BE

PHOTGRAPHED.'"  35 N.Y.C.R § 6-13(c).

The purpose of these rules is to ensure the safety of the livery cab drivers who have been

subject to frequent attacks; the police are directed to enforce the measures in order to protect the

safety and well-being of livery cab drivers.  <u>See</u> <u>People v. Cannon</u>, 743 N.Y.S.2d 224, 226

(2002).[1]  Therefore, if a New York City police officer observers a livery cab without a partition,

---

[1] <u>See</u> <u>also</u> Sewell Chan, <u>Taxi Partitions, Born of Danger, May Be Set for a Makeover</u>, N.Y. Times, Aug. 9, 2005;
Norimitsu Onishi, <u>Taxi Panel Requires Bullet-Resistant Partitions</u>, N.Y. Times, Jan. 21, 1994.

and does not see a camera or the requisite decals prominently displayed in the rear window, the

officer has reason to believe that a traffic violation has occurred and has an adequate basis to

stop the vehicle and investigate further.  See Whren, 517 U.S. at 810; Harrell, 268 F.3d at 148.

**2. Requirements for a Hearing**

Defendant must allege facts sufficient to warrant a hearing.  U.S. v. Culotta, 413 F.2d

1343, 1345 (2d Cir. 1969).  Indeed, a district judge is "not required as a matter of law to hold an

evidentiary hearing if appellant's moving papers [do] not state sufficient facts which, if proven,

would have required the granting of the relief requested by appellant."  Id. (citations omitted).

**ANALYSIS**

With respect to the legality of the traffic stop, Defendant argues that the taxi was required

to have either a partition or a camera.  (Defendant's Motion to Suppress ("Def. Mem."), Feb. 1,

2008, at 4.)   In the affidavit accompanying his motion, the Defendant states only that the livery

cab in which he was riding did, in fact, have a camera.  (Defendant's Declaration in Support of

his Motion to Suppress ("Def. Decl.") ¶ 3.)  On the basis of this single allegation, Defendant

contends that the taxi complied with the code requirement, that compliance was apparent, and

that the police had no basis on which to stop the vehicle.

This argument, however, is based on a misstatement of the law.  The City regulations do

not require livery cabs to have a "partition-or-camera," as Defendant argues.[2]  As previously

indicated, the camera must be accompanied by prominently displayed decals and at least one

other safety device.  An in-vehicle camera does not, by itself, exempt the livery cab from

compliance-focused traffic stops.  To this end, Defendant's affidavit is silent about the presence

or absence of decals on the rear window, the prominence of any such decals, and the visibility of

---

[2] Other courts have summarized the regulation's requirement as "partition or camera," see U.S. v. Gaines, 457 F.3d
238, 241 n.2 (2d Cir. 2006), and Cannon, 743 N.Y.S.2d at 226, but a close reading of the regulation reveals that such
an articulation is an incomplete statement of the law.

the in-vehicle camera to the police officers who made the stop.  (See Def. Decl. ¶ 3.)  Instead, the Defendant alleges only that "[t]he livery cab contained a security camera that was placed near the rear view mirror." (Def. Decl. ¶ 3.)  This is not an adequate allegation to challenge the basis of the stop.

Defendant's motion papers attempt to embellish the affidavit with conclusory statements that the camera was "in a highly visible location" (Def. Mem. at 4), and that the livery cab's "compliance was obvious to the police" (Def. Mem. at 5).  But Defendant's version of "compliance" is incorrect; the mere placement of a "security camera . . . near the rear view mirror" does not comply with New York City's rules and regulations.  Absent compliance, the stop was supported by reasonable suspicion and/or probable cause, and was permissible insofar as it allowed the police to investigate further to determine if the vehicle complied with the City's regulations.  In these circumstances, the Defendant has not met his burden of alleging a sufficient factual basis on which to hold a hearing or challenge the legality of the traffic stop.[3]

Finally, factual differences aside, the proposition from the <u>Townes</u> case on which Defendant relies—that a passenger has standing under the Fourth Amendment to challenge the stop of the vehicle in which he or she is riding—was dicta.  See <u>Townes</u>, 176 F.3d at 144-45.  It does not provide a basis for reconsideration of the Court's earlier decision in this case regarding the search and seizure, nor does <u>Townes</u> compel the result that the affidavit's single allegation about the presence of a camera is sufficient to necessitate a hearing on the legality of the traffic stop.

---

[3] As the Government stated on April 11, 2008, "the purpose of stopping the car is to investigate whether or not a violation of traffic law has occurred and here the investigation would include presumably figuring out whether or not there are these decals, figuring out whether or not there is a [radio] or a cellular telephone . . . ."  (Transcript of Oral Argument, April 11, 2008, at 11.)

## CONCLUSION

As the Court held in its March 26, 2008 ruling, the Defendant does not have a reasonable expectation of privacy in the rear area of the taxi cab, and therefore lacks standing to challenge the search and seizure of the firearm. With respect to the stop, Defendant's single allegation that a camera was present is insufficient to warrant a hearing or to question the propriety of the police officers' decision to halt the livery cab. The affidavit in support of the motion is silent as to the visibility of the camera, the presence and/or visibility of the requisite decals, and the presence or absence of the other safety devices delineated in the regulation. Defendant fails to assert, therefore, that the livery cab was in compliance with the City's applicable rules. Accordingly, the police were permitted to stop the livery cab and investigate further.

For the reasons set forth above, no hearing is warranted and Defendant's motion for reconsideration is DENIED.

Dated: New York, New York
April 16, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge